**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
T: 951-290-2827
F: 949-288-2054
*ben@nexusbk.com*

Attorney for Defendants

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SHU-CHEN WU, and<br><br>GEOGIANG YUE,<br><br>　　　　Debtors.<br>――――――――――――<br>EMILIO CERON,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SHU-CHEN WU, and<br><br>GEOGIANG YUE,<br><br>　　　　Defendants. | Case No.: 6:22-bk-14173-RB<br><br>Chapter 13<br><br>Adv No.: 6:23-ap-01019-RB<br><br>**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT**<br><br><u>Hearing</u><br>**Date:** TBD<br>**Time:** TBD<br>**Courtroom:** 303<br>**Location:** 3420 Twelfth Street<br>　　　　　Riverside, CA 92501<br><br>[Hearing to be set by Court] |

　　　　NOTICE IS HEREBY GIVEN that on the date and time to be provided in the forthcoming notice in Courtroom 303 of the Bankruptcy Court located at 3420 Twelfth Street, Riverside, California, Defendants Shu-Chen Wu and Geogiang Yue will move this court for an Order dismissing this adversary proceeding for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) as set forth in the accompanying memorandum of point and authorities.

1

This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the Court and serve a copy of it upon the Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: March 9, 2023

**NEXUS BANKRUPTCY**

_____
BENJAMIN HESTON,
Attorney for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER BANKRUPTCY CODE SECTION 523(a)(2)(A) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b) SINCE PLAINTIFF HAS FAILED TO PLEAD ITS CLAIMS WITH SUFFICIENT PARTICULARITY AS TO THE CIRCUMSTANCES CONSTITUTING FRAUD.

The Ninth Circuit has established that a creditor seeking a determination of non-dischargeability under §523(a)(2)(A) must prove seven (7) discrete elements. As the Court stated in *In re Siriani*, these include

"(1) a representation of fact by the debtor,
 (2) that was material,
 (3) that the debtor knew at the time to be false,
 (4) that the debtor made with the intention of deceiving the creditor,
 (5) upon which the creditor relied,
 (6) that the creditor's reliance was reasonable,
 (7) that damage proximately resulted from the misrepresentation."

*In re Siriani*, 967 F.2d 302, 304 (9th Cir. 1992) (citing *Rubin v. West* (*In re Rubin*), 875 F.2d 755, 759 (9th Cir. 1989); see also *Britton v. Price* (*In re Britton*), 950 F.2d 602, 604 (9th Cir. 1991).

Federal Rule of Bankruptcy Procedure 7009, which incorporates into bankruptcy adversary proceedings the provisions of Federal Rule of Civil Procedure 9(b), requires that a party alleging fraud "*must state with particularity the circumstances constituting fraud or mistake*". Fed. R. Civ. P. 9(b). In a case before the Bankruptcy Appellate Panel of the Ninth

3

Circuit, *In re Englander*, 92 B.R. 425 (B.A.P. 9th Cir. 1988), the court held that this heightened standard requires that the party alleging fraud must:

> "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured."

*Englander* at 427; See also *In re Jenkins*, 83 B.R. 733, 735 (B.A.P. 9th Cir. 1988).

Reduced to its simplest terms, Rule 9(b) is intended to promote fundamental fairness by providing party charged with wrongdoing with their notice exactly what it is that they are alleged to have done so that it defense can be prepared, and by discouraging such lawsuit says may be filed that would have a damaging impact upon the defendant's reputation and goodwill. The purpose of Rule 9(b) is to further three goals: "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *Di Vittorio v. Equidyne Extractive Indus. Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987).

Another effect of Rule 9(b) is that the heightened pleading standard precludes the use of discovery to supply the facts necessary to state the claim, as these facts must be plead in the initial complaint. *In re Daniell*, BAP EC-12-1506-PAJUK, 2013 WL 5933657 (B.A.P. 9th Cir. Nov. 6, 2013)(unpublished).

Although the second part of Rule 9(b) permits scienter to be pleaded generally, the pleader must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) (citation omitted); see also *The Responsible Pers. of Musicland Holding Corp. v. Best Buy Co., Inc.* (*In re Musicland Holding Corp.*), 398 B.R. 761, 773 (Bankr.S.D.N.Y.2008).

4

Main Document    Page 5 of 10

The Second Circuit has stated that the complaint must: "(1) detail the statements (or omissions) that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) were fraudulent." *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir.1996) (citations omitted).

The same standards of pleading hold in the Ninth Circuit as do control in the Second Circuit. As the Ninth Circuit stated in *Bly–Magee v. Cal.*, 236 F.3d 1014 (9th Cir.2001):

> "In most cases, the Federal Rules of Civil Procedure require only that pleadings contain a short and plain statement of the claims. Fed.R.Civ.P. 8. Federal Rule of Civil Procedure 9(b), however, requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elec. Sec. Liti.*, 89 F.3d 1399, 1405 (9th Cir. 1996); see also *Rolo City Invest. Co. Liquidating Tr.*, 155 F.3d 644, 658 (3d Cir. 1998)("The purpose of Rule 9(b) is to provide notice of the 'precise misconduct with which defendants are charged and to prevent false or unsubstantiated charges."); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1057 (2d Cir. 1993)(9(b)'s heightened pleading requirement alerts defendants to specific facts upon which a fraud claim is based and safeguards a "defendant's reputation and goodwill from improvident charges of wrongdoing.")."

*Bly–Magee v. Cal.* at 1018.

Here, the Complaint has only alleged fraud generally as follows:

> "The conveyance by Shu-Chen Wu and Geogiang Joseph Wu to Global was made with the intent to hinder, delay and defraud Plaintiff because there was no consideration for the transfer and this PROPERTY was the only asset available to satisfy Plaintiff's judgment."

Adversary Complaint at Paragraph 13.

5

> "Plaintiff is entitled to relief for the fraudulent transfer made by Defendants Shu-Chen Wu and Geogiang Joseph Wu pursuant to *Civil Code §3439.07*"

Adversary Complaint at Paragraph 14.

> "Defendants transferred the property at 7907 Horizon View, Riverside, California to Global with the actual intent to obstruct, delay and prevent Plaintiff Ceron from collecting his debt and ultimately his judgment against defendants."

Adversary Complaint at Paragraph 17.

Although the Supreme Court in <u>Husky Int'l Elecs., Inc. v. Ritz</u>, 578 U.S. 356 (2016) held that a fraudulent transfer scheme could serve as the basis of a §523(a)(2) claim, Rule 9(b) still requires that the allegations of fraud must be plead with specificity.

## II.

**PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER BANKRUPTCY CODE SECTIONS 523(a)(6) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED SINCE THEY HAVE NOT ALLEGED WILLFUL AND MALICIOUS CONDUCT**

Bankruptcy Code section 523(a)(6) excepts from discharge debts arising from "willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). In the case before the Supreme Court of the United States, *Kawaauhua v. Geiger*, the Court held:

> "The section's word "willful" modifies the word "injury," indicating that non-dischargeability takes a deliberate or intentional injury, not merely, as the Kawaahuas urge, a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from

negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964) (emphasis added)."

Kawaauhua v. Geiger, 523 U.S. 57, 61-62, 118 S.Ct. 974, 975, 140 L.Ed.2d 90 (1998).

Here, Plaintiff's complaint merely reiterates the grounds alleged for their 523(a)(2)(A) claim and goes on to say that this debt should be determined to be non-dischargeable pursuant to Section 523(a)(6). Even if the Defendants did commit an actually fraudulent transfer with the intent to hinder, delay, and defraud, this would have been to *prevent harm* to themselves – *not* to cause harm to Plaintiff. Removing assets from the reach of creditors is unlawful, but it is not an act of malice – it is a means of self-preservation.

### III.

### PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER BANKRUPTCY CODE SECTIONS 523(a)(6) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED SINCE 523(a)(6) DOES NOT DEAL WITH FRAUD

If fraud was one and the same as a willful and malicious injury, including both subsections (a)(2) and (a)(6) to Section 523 would be superfluous and unnecessary. But they are not the same. Each cause of action provides an independent and entirely separate basis for determining a debt to be nondischargeable. What Plaintiff has attempted to do in this case is not dissimilar from the similar allegations pleaded in *In re Young*, 428 B.R. 804 (Bankr. N.D. Ind. 2010), where the plaintiff seeking determinations under §523(a)(2) and §523(a)(6). In support of

his §523(a)(6) claim, the plaintiff accused the debtor of the same fraudulent scheme that served as the basis for its §523(a)(2) claim. The Court held:

> "Count V is an apparent attempt to assert a claim under § 523(a)(6) by the contention that conduct falling within the provisions of § 523(a)(2)(A) somehow falls within the scope of § 523(a)(6). 11 U.S.C. § 523(a)(6) is directed at acts intended to cause harm to a property interest, maliciously undertaken. Based upon the amended complaint as a whole, Centier's claims are that Young, either individually or on behalf of a corporate entity, defrauded Centier. 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(6) define separate grounds for an exception to discharge. There is nothing in Count V that begins to establish a claim under 11 U.S.C. § 523(a)(6): See, In re Whiters, supra."

*In re Young*, 428 B.R. 804, 820-21 (Bankr. N.D. Ind. 2010).

In *Kawaauhua v. Gieger*, the plaintiffs brought an adversary proceeding against the debtor seeking a determination of non-dischargeability under Section 523(a)(6) and Section 523(a)(9) (death or injury caused while operating a vehicle while intoxicated). The Court held that allowing both of these claims would obviate the need for Section 523(a)(9) since all claims under that section would be covered by the more general language of Section 523(a)(9). The Court reasoned that it is a generally accepted principle of statutory interpretation that courts should be "hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." *Kawaauhua v. Geiger* at 62 (quoting *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837, 108 S.Ct 2182, 2189, 100 L.Ed.2d 836 (1988).

Here, Plaintiff states the basis for his §523(a)(6) claim in Paragraphs 21 through 27. These paragraphs contain the exact same allegations as those supporting his §523(a)(2) claim. Similar to the plaintiff in the *Young* case cited above, Ceron has merely plead the same allegations of fraud, but has tossed in a few extra words to make it "sound malicious".

> "24. Defendants conduct was wrongful, in violation of California Law, and willful and malicious."

"25. Plaintiff was damaged as a result of Defendants wrongful and intentional conduct…"

"27. By virtue of their fraudulent conduct in connection with the transfer of the Property, Defendants and each of them have exhibited a pattern of oppressive, fraudulent, and/or malicious conduct in their actions…"

See Adversary Complaint, Paragraphs 24, 25, 27.

The allegations of the Complaint fall drastically short of even approaching a properly pleaded Section 523(a)(6) action. Even if the Defendants did commit a fraudulent transfer with actual fraudulent intent, this would have been to *prevent harm* to themselves – not to cause harm to Plaintiff. Removing assets from the reach of creditors is unlawful, but it is not an act of malice - it is an attempt at self-preservation.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint should be dismissed for failure to state a claim for which relief can be granted.

Date: March 9, 2023

Respectfully submitted,

**NEXUS BANKRUPTCY**

BENJAMIN HESTON,
Attorney for Defendants

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/9/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)     notice-efile@rodan13.com
Fritz J Firman     firmanweber@gmail.com, centralservice.firmanweber@gmail.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/9/2023 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**