Fritz J. Firman, Esq. (State Bar No. 117011)
1503 South Coast Drive, Suite 209
Costa Mesa, CA 92626
Tel: (714) 433-7185
Fax: (714) 662-0302

Attorneys for Judgment Creditor Emilio Ceron

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Shu-Chen Wu<br>Geogiang Yue<br><br>Debtors, | Bankruptcy Case No. 6:22-bk-14173 RB<br><br>Adversary Case No. 6:23-ap-01019 RB<br><br>Chapter 13 |
| Emilio Ceron<br><br>Plaintiff,<br><br>v.<br><br>Geogiang Joseph Yue aka Joseph Yue, Shu-Chen Wu Susan Wu aka Susan Wu<br><br>Defendants. | **NOTICE OF OPPOSITION AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Date: May 2, 2023<br>Time: 2:00 PM<br>Ctrm: 303 |

To: The Honorable Magdalena Reyes Bordeaux, United States Bankruptcy Judge, Defendants, Defendants' Attorney of Record and all parties in interest:

The Plaintiff Emilio Ceron hereby opposes the Defendant's Motion to Dismiss as follows.

**OBJECTION TO CONFIRMATION OF PLAN**

1

## I. INTRODUCTION

Defendants attempt to cast this case as a mere breach of contract when in fact the complaint lays out a fraudulent scheme and attempted theft of Mr. Ceron's $25,000 deposit. Mr. Ceron and Defendants entered into an agreement to purchase real property located at 16747 Catalonia Drive, Riverside.

Mr. Ceron properly and timely and lawfully cancelled escrow and sought return of his $25,000 deposit. Without any justification, Defendants refused to permit escrow to release Mr. Ceron's $25,000 deposit. Rather than let Defendant steal his hard-earned money, Mr. Ceron hired an Attorney to protect him and his legal rights. Mr. Ceron's State Court Attorneys filed an action in Riverside Superior Court, case number RIC 2003142. Escrow interplead the $25,000 deposit into the case.

The Superior Court case was set for mediation on June 8, 2021. The Defendants would not participate in mediation and resolve a case that should have been resolved. Rather than settle the case and give Mr. Ceron back his deposit, the Defendants doubled down!

On June 29, 2021 Ms. Wu forms Global Investments Inc. with the Secretary of State for California. Shu Chen Wu is the sole Director and Officer of Global Investment Inc. (Complaint Paragraph 4). On August 6, 2021, 3 days before the trial setting conference in the Superior Court. Ms. Wu deeds the property at 7909 Horizon View Drive, Riverside, California to Global Investment for 0 consideration. 0 document transfer tax noted on the deed (Complaint Paragraph 11).

Trail is set for October 20, 2021. At trial the Defendants lost badly! It wasn't even close.

Judgment was entered against Defendants on November 12, 2021. On February 1, 2022 an amended Judgment is entered which included Attorney's fees and cost.

Plaintiff initiated an action against Defendant for fraudulent conveyance and transfer.

To add further insult to injury Defendants sold the house located at 16747 Catalonia Drive Riverside, California for $25,000. More than they had agreed to sell it to Mr. Ceron but compelled Mr. Ceron to spend scores of thousands of dollars to prevent the Defendants from stealing his $25,000 deposit.

## II. ARGUMENT

**A. Legal Standard**

Traditionally, courts have viewed with "disfavor" motions to dismiss under Rule 12(b)(6) because of the lesser role pleadings play in federal practice and the liberal policy re amendment. [See *Lormand v. US Unwired, Inc.* (5th Cir. 2009) 565 F3d 228, 232- Rule 12(b)(6) motions "viewed with disfavor and rarely granted"; *Broam v. Bogan* (9th Cir. 2003) 320 F3d 1023, 1028- Rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases; *McGlone v. Bell* (6th Cir. 2012) 681 F3d 718, 728]

In order to survive a motion to dismiss, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true." *Brookview Apts., L.L.C. v. Hoer (In re Weigh)*, 576 B.R. 189, 205 (Bankr. C.D. Cal. 2017) (citing *Johnson v. Riverside Healthcare Sys.*, F.3d 1116, 1122 (9th Cir. 2008)); *Knox v. Davis*, 260 F. 3d 1009, 1012 (9th Cir. 2001).

"A pleading that states a claim for relief must contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief…" Federal Rule of Civil Procedure ("FRCP") 8(a)(2) (made applicable by Federal Rule of Bankruptcy Procedure ("FRBP") 7008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Igbal*, 556 U.S 662, 679 (2009).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Igbal* 556 U.S. at 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Federal Rule of Civil Procedure 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake."). Allegations of fraud must be "specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation marks and citation omitted). A fraud claim must state "the who, what, when, where, and how" of the alleged conduct. Cooper v Pickett, 137 F.3d 616, 627 (9th Cir. 1997). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The "'Federal Rules reject the approach that pleading is a game of skill in which one misstep… may be decisive to the outcome and accept the principle that the purpose of the pleading is to facilitate a proper decision on the merits.'" *Barr v Charterhouse Grp. Int'l, Inc. (In re Everfresh Bevs., Inc.)*, 238 B.R. 558, 569 (Bankr. S.D.N.Y. 1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)).

**B. THE SUPREME COURT HAS HELD THAT "ACTUAL FRAUD" UNDER 11 USC §523(a)(2)(A) IS BROAD ENOUGH TO ENCOMPASS A FRAUDULANT TRANSFER.**

In a case of a fraudulent conveyance scheme the Supreme Court held:

> We reverse, the term "actual fraud" in 523(a)(2)(A) encompass forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation. *Husky, Intern. Electronics Inc. v. Ritz* 136 S. Ct. 1581, 1586 (2016) (quotations in the original).

Thus the Supreme Court has evolved the concept of actual fraud beyond the requirement to show a false representation. *In re Lionetti* 613 B.R. 13, 18 (9th Cir. BAP 2020).

---

**OBJECTION TO CONFIRMATION OF PLAN**

5

The facts in *Husky Id.* largely mirror the facts in this case. The Defendant knew or suspected she was going loose at trial and transferred her house to a corporation that she owned and controlled for no consideration to put it or attempt to put it beyond the reach of Mr. Ceron.

The Ninth Circuit has observed that "exceptions to discharge should be limited to dishonest Debtors seeking to abuse the Bankruptcy system in order to evade the consequences of their misconduct. *Hawkins v. Franchise Tax Board of California.* 769 F.3d 662, 666 (9th Cir. 2019). That's exactly what we have here. On the eve of trial the Debtor transferred her home for no consideration. In *DZ Banking Deutsche Zentral Gennossenshaft Bank v. Meyer* 889 F.3d 839, 843-849 (9th Cir. 2017), the Ninth Circuit applied Husky to conclude the claim was nondischargeable against an individual where he caused his company to fraudulently transfer assets. When the debtor "indirectly transferred all of [the company's] assets to another corporation, he… depleted the value of his assets to the detriment of his creditors" *Id* at pg. 844.

Plaintiff was damaged as alleged by the fraudulent scheme and a misrepresentation is not required to plead actual fraud.

**C. THE FRAUDULENT TRANSFER CONSTITUES A WILLFUL AND MALICIOUS INJURY**

The Defendant as alleged in the complaint intended to harm and did harm the plaintiff. Taken as true, which allegations in the complaint must be, the second claim for relief states a claim under 11 USC 523(a)(6).

The 9th Circuit Court of Appeals, en banc, in a fraudulent transfer scheme that disabled the mother's creditors from adequately recouping their losses was non dischargeable *In Re Bammer* 13, F.3d 788, 793 (9th Cir. 1997) (en banc).

See also In re Jennings 670 F.3d 1329, 1334 (11th Cir. 2012) where a property was transferred to keep it out of the reach of creditors.

There was absolutely no reason for the transfer of the Horizon View property other than to keep it out of the reach of Mr. Ceron.

### III. CONCLUSION

For these reasons, plaintiff requests the denial of the Defendants' motion in its entirety. If the court is inclined to grant the motion, then plaintiff requests that the court grant plaintiff leave to amend.

Respectfully Submitted,

DATED: April 18, 2023          WEBER FIRMAN

                               BY:  Fritz J. Firman,
                                    Attorneys for Plaintiff
                                    Emilio Ceron

---

**OBJECTION TO CONFIRMATION OF PLAN**

7

In re:

Emilio Ceron

CASE NUMBER: 6:23-ap-01019-RB

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1503 South Coast Drive, Suite 209**
**Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*):   **Notice of Opposition and Opposition to Defendant's Motion to Dismiss Complaint** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____**4/18/2023**_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Rod Danielson (TR)- notice-efile@rodan13.com**

**Benjamin Heston- bhestonecf@gmail.com**

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/18/2023 | Zac Ingalls | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE