**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Defendants

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Adv No: 6:23-ap-01019-RB |
| SHU-CHEN WU, and GEOGIANG YUE, | Case No.: 6:22-bk-14173-RB |
| Debtors. | Chapter 7 |
| | **ANSWER TO ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| EMILIO CERON, | |
| Plaintiff, | **Status Conference** |
| v. | Date: August 22, 2023 |
| SHU-CHEN WU, and GEOGIANG YUE, | Time: 2:00 p.m. |
| Defendants. | Courtroom 303 |

Defendants, Shu-Chen Wu and Geogiang Yue, hereby answer the Complaint filed by Plaintiff, Emilio Ceron, as follows:

1. Defendants neither admit nor deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants neither admit nor deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint, but deny the alleged culpability.

8. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. As to Paragraph 15 of the Complaint, Defendants restates and fully incorporates the admissions, denials, and other statements made in the preceding paragraphs.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants neither admit nor deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. As to Paragraph 21 of the Complaint, Defendants restates and fully incorporates the admissions, denials, and other statements made in the preceding paragraphs.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

# **AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses and reserve the right to assert additional defenses.

1. **No Breach of Contract by Defendants**

    Defendants assert that they have not breached any contract entered into between Parties.

2. **Unclean Hands**

    Defendants assert that Plaintiff has committed wrongful acts and is attempting to benefit from these wrongdoings.

3. **Failure to Mitigate Damages**

    Defendants assert that Plaintiff has failed to take reasonable steps to mitigate damages.

4. **Unjust Enrichment**

    Defendants assert that Plaintiff would be unjustly enriched if he were to prevail in this case.

5. **Satisfaction**

    Defendants assert that they contracts entered into between parties have been fully satisfied.

6. **Substantial Compliance**

    Defendants assert that they have substantially complied with such contracts to the extent that it would be unfair and unjust for Plaintiff to prevail in this case.

7. **Prevention of Performance**

    Defendants assert that Plaintiff has engaged in behavior that made it unreasonable or impossible to perform on contracts entered into between Parties.

8. **Failure of Condition Precedent**

    Defendants assert that certain of their obligations were conditioned upon terms that the Plaintiff failed to perform.

9. **Quantum Meruit**

    Defendants assert that Plaintiff should not be entitled to more than the fair market value of goods and services for which they received.

10. **Offset**

    Defendants assert that they are owed money by Plaintiff that would offset any of their damages.

## PRAYER FOR RELIEF

Wherefore, Defendants pray the Court enter a judgment in favor of Defendants and order as follows:

1. Plaintiff's Complaint is dismissed with prejudice;
2. Plaintiff takes no relief from the Complaint;
3. Defendants be awarded costs of suit and attorneys' fees;
4. Any further relief the Court deems just and necessary.

NEXUS BANKRUPTCY

Date: July 27, 2023

BENJAMIN HESTON,
Attorney for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/27/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)   notice-efile@rodan13.com
Fritz J Firman   firmanweber@gmail.com, centralservice.firmanweber@gmail.com
United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/27/2023 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**