Fritz J. Firman, Esq.
Weber Firman
1503 South Coast Drive, Suite 209
Costa Mesa, CA. 92626
Phone: (714) 423-7185
Email: Firmanweber@gmail.com

Attorney for Plaintiff,
Emilio Ceron

## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In Re: | BK Case No.: 6:22-bk-14173 RB |
| SHU-CHEN WU, GEOGIANG JOSEPH YUE, | |
| Debtors. | Adversary No.: 6:23-ap-01019 RB |
| EMILIO CERON, | Chapter 7 |
| Plaintiff, | JOINT PRETRIAL STIPULATION |
| GEOGIANG JOSEPH YUE aka JOSEPH YUE, SHU-CHEN WU aka SHUCHEN SUSAN WU aka SUSAN WU | |
| Defendants. | DATE: January 23, 2024<br>TIME: 2:00 PM<br>CTRM: 303 |

### A. The Following Facts are Admitted and Require no Proof.

1. The United States Bankruptcy Court for the Central District of California, Riverside Division has jurisdiction to hear and render a final judgment in this matter.

2. Venue is proper pursuant to 28 USC §1409(a).

3. On or about March 17, 2020 Emilio Ceron entered into an escrow to purchase real property located at 16747 Catalonia Drive, Riverside, CA.

4. Emilio Ceron deposited $25,000 earnest money into the escrow between Plaintiff and Defendants.

5. Emilio Ceron properly cancelled the escrow for the purchase of the property at 7907 Horizon View Drive, Riverside CA, 92506.

6. Defendants Shu-Chen Wu and Geogiang Joseph Yue refused to release Plaintiff's (Ceron's) $25,000 deposit.

7. Ceron hired Attorneys Michel B. Hannah and Hallie Hannah to sue Defendants for recovery of his $25,000 deposit.

8. Defendant Shu-Chen Wu is a licensed real estate broker.

9. Ceron filed an action in Riverside Superior Court, case number RIC 2003142 against Defendants to recover his deposit.

10. Trial was held on October 20, 2021 in Riverside Superior Court case number 2003142. Defendants appeared at the trial pro per.

11. The Riverside Superior Court conducted a trial and heard and considered the evidence and rendered judgment against Defendants on November 12, 2021.

12. On February 1, 2022 the Superior Court entered an amended judgment in favor of Emilio Ceron in Riverside Superior Court, case number RIC 2003142 in the amount of $78,987.52.

13. The escrow funds interplead with the Riverside Superior Court in case number RIC 2003142 by Pure Logic Escrow in the amount of $24,455 were released to Plaintiff in partial satisfaction of the judgment against Defendants.

14. Plaintiff had a written contract with Defendants which provided for Attorney's fees.

15. As of November 2, 2022 the judgment against Defendants was $60,858.

16. Mediation in Riverside Superior Court case number RIC 2003142 was held on June 8, 2021.

17. On June 29, 2021 Defendant Shu-Chen Wu formed Global Investments Inc. with the California Secretary of State.

18. Shu-Chen Wu is the sole owner, director, and officer of Global Investments Inc.

19. On August 6, 2021, Shu-Chen Wu deeded the property at 7907 Horizon View Drive, Riverside CA to Global Investments Inc.

20. The deed from Wu for the property at 7907 Horizon View Drive, Riverside CA reflects 0 consideration and 0 documentary tax.

21. Defendants did not appeal the judgment in Riverside Superior Court case number 2003142 and said judgment is final.

22. Ceron retained the Law Offices of Mitchel B. Hannah to file a fraudulent conveyance action against Defendants.

23. Plaintiff's judgment in Riverside Superior Court case number 2003142 bears interest at the legal rate of 10% per annum.

### B. The Following Issues of Fact and no Others Remain to be Litigated.

1. Whether the transfer of the property located at 7907 Horizon View Drive, Riverside CA rendered Defendants insolvent and unable to satisfy Plaintiff's judgment.

2. Whether Defendants intended to hinder, delay or defraud Plaintiff by transferring the property at 7907 Horizon View Drive, Riverside CA.

3. Whether Defendants intended to harm Plaintiff by the transfer of their property at 7907 Horizon View Drive, Riverside CA.

4. Whether the property at 7907 Horizon View Drive, Riverside CA was Defendants' only available asset to satisfy Plaintiff's judgment.

5. Whether Defendants' conduct was wrongful.

6. Whether Defendants' conduct was willful and malicious.

7. Whether Defendants' conduct was the cause of Plaintiff's damages.

8. In what amount has Plaintiff been damaged.

9. Whether a fraudulent conveyance constitutes "actual fraud" under 11 USC §523(a)(2)(A).

## C. The Following Issues of Law, and no Others Remain to be Litigated.

1. Whether a fraudulent conveyance constitutes "actual fraud" under 11 USC §523(a)(2)(A).

2. Whether Ceron's claim against Defendants is nondischargeable under 11 USC §523(a)(2)(A).

3. Whether Ceron's claim for fraudulent conveyance constitutes a willful and malicious injury to Plaintiff and was done without just cause and excuse, causing damage to Plaintiff.

4. If Defendant's refusal to release Ceron's deposit into escrow was wrongful, whether its nondischargeable under 11 USC §523(a)(6).

5. Whether Plaintiff is entitled to punitive damages.

6. Whether Plaintiff's damages include Attorney's fees awarded in the underlying Superior Court cases.

**D. Attached is a List of Exhibits Intended to be Offered at Trial by each Party, Other Than Exhibits to be Used for Impeachment Only, the Parties Have Exchanged Copies of all Exhibits.**

Plaintiff's List of Exhibits:

1. Judgment in Riverside Superior Court case number RIC 2003142 filed February 1, 2022.
2. Amended judgment in Riverside Superior Court case number 2003142 filed February 1, 2022.
3. Deed to 7907 Horizon View Drive, Riverside CA from Defendants to Global Investment Inc. dated on or about August 6, 2021.
4. Articles of incorporation for Global Investments, Inc.
5. Documents filed with the State of California for Global Investments, Inc.
6. Fraudulent conveyance action filed in Riverside Superior Court by Plaintiff against Defendants.
7. Defendants' 12(b)(6) Motion to Dismiss filed 03/09/2023 as Document #5.
8. Defendants' Bankruptcy Petition Schedules and Statement of Affairs and any Amendments thereto.

Defendants' List of Exhibits:

1. All the same documents listed as Plaintiff's exhibits.
2. Grant deed to 7907 Horizon View Drive, Riverside, CA recorded on February 19, 2013.
3. Grant deed to 7907 Horizon View Drive, Riverside, CA recorded on December 12, 2013.
4. Grant deed to 16747 Catalonia Drive, Riverside, CA recorded on February 11, 2014.
5. Grant deed to 7907 Horizon View Drive, Riverside, CA recorded on December 29, 2015.

6. Quitclaim deed to 7907 Horizon View Drive, Riverside, CA recorded on February 2, 2017.

7. Grant deed to 16747 Catalonia Drive, Riverside, CA recorded on October 20, 2020.

8. Grant deed to 7907 Horizon View Drive, Riverside, CA recorded on October 28, 2020.

9. Quitclaim deed to 7907 Horizon View Drive, Riverside, CA recorded on October 28, 2020.

10. Quitclaim deed to 7907 Horizon View Drive, Riverside, CA recorded on April 19, 2022.

**E. The Parties Have Exchanged a List of Witnesses to be Called.**

1.  Emilio Ceron
    C/O Fritz J. Firman
    1503 South Coast Drive
    Suite 209
    Costa Mesa, CA 92626

Statement by Plaintiff: Mr. Ceron will testify about the purchase of property from Defendants, the justified cancellation of escrow, the refusal of Defendants to release his $25,000 deposit, the resulting lawsuit, the money he expended for costs and Attorney's fees, judgment in his favor, the transfer of property located at 7907 Horizon View Drive, Riverside CA 92506 to Defendant's wholly owned corporation after judgment was entered in his favor, filing fraudulent conveyance action against Defendants costs and Attorney's fees and damages.

2.  Shu-Chen Wu
    7907 Horizon View
    Riverside, CA 92506

Statement by Plaintiff: Shu-Chen Wu is expected to testify about Plaintiff's cancellation of escrow, refusal to release escrow, deposit of $25,000, lawsuit by Mr. Ceron for recovery of his deposit, judgment in favor of Mr. Ceron, the transfer of her real property to a wholly owned corporation she formed on the eve of trial, the reason for the transfer, total lack of consideration, and the lawsuit for fraudulent transfer.

Statement by Defendants: Shu-Chen Wu is expected to testify as to the matters raised in Plaintiff's statement as well as the transfers being in the ordinary course of business in the field of house-flipping and how the transfers were done for legitimate purposes.

3.  Geogiang Joseph Yue

       7907 Horizon View Drive
       Riverside, CA 92506

Statement by Plaintiff: Defendant is expected to testify about Plaintiff's cancellation of escrow, refusal to release escrow, deposit of $25,000, lawsuit by Mr. Ceron for recovery of his deposit, judgment in favor of Mr. Ceron, the transfer of her real property to a wholly owned corporation she formed on the eve of trial, the reason for the transfer, total lack of consideration, and the lawsuit for fraudulent transfer.

4.    Hallie Hannah
      100 Pacifica, Suite 370
      Irvine, CA 92618

Statement by Plaintiff: State Court Attorney for Emilio Ceron efforts and litigation to recover Mr. Ceron's $25,000 deposit for purchase of Defendant's other real property in Riverside, costs and Attorney's fees related thereto, scheduled mediation in Superior Court, Defendant's formation of a wholly owned corporation on eve of mediation and trial transfer of real property for no consideration, judgment filing of fraudulent conveyance action, costs and Attorney's fees associated therewith.

### F. Other Matters that May Affect the Trial

None.

### G. All Discovery is Complete

### H. The Parties are Ready for Trial

### I. The Estimated Length of Trial is 2 ½ to 3 Days

### J. The Foregoing Admissions have Been Made by the Parties, and the Parties Have Specified the Foregoing Issues of Fact and Law Remaining to be Litigated. Therefore, This Stipulation and the Order thereon Supersedes the Pleadings and Governs the Course of Trial of this Cause, unless Modified to Prevent Manifest Injustice.

                                                   IT IS SO STIPULATED

Dated: January 8, 2024

                                                      Weber Firman

                                                    By: _____
                                                    Fritz J. Firman
                                                    Attorney for Plaintiff
                                                    Emilio Ceron

                                                    IT IS SO STIPULATED

Dated: January 2, 2024

                                                    By: _____
                                                    Benjamin Heston
                                                    Attorney for Defendants,
                                                    Shu-Chen Wu and Geogiang Joseph Yue

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1503 South Coast Drive, Suite 209
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*):    JOINT PRETRIAL STIPULATION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 9, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin Heston : bhenstonecf@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/09/2024 | Maria Dector | /s/ Maria Dector |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**