SHU-CHEN WU and
GEOGIANG YUE
7907 Horizon View Dr.
Riverside, CA 92506
phone: (626)428-9226
email: susanwu72@gamil.com
email: josephyue430@gmail.com
Defendants, In Pro Per

FILED
MAR - 6 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| In re SHU-CHEN WU | Case No.: 6:22-bk-14173-RB<br>Adversary Case No.: 6:23-ap-01019-RB<br>Chapter 7 |
| EMILIO CERON,<br><br>**Plaintiff**<br><br>vs.<br><br>SHU-CHEN WU and<br>GEOGIANG YUE<br><br>**Defendants** | MOTION FOR SUMMARY JUDGEMENT, NOTICE OF MOTION FOR SUMMARY JUDGEMENT<br><br><u>Hearing</u><br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Magdalena Reyes Bondeaus<br>Courtroom:303<br>Location: 3420 12th St., Riverside, CA 92501 |

Notice of Motion for Summary Judgment - 1

# **NOTICE OF MOTION**

**To the Honorable Court and To All Parties:**

PLEASE TAKE NOTICE that on _____**TBD**_____ at ___**TBD**___, or as soon thereafter as this matter may be heard in the United States Bankruptcy Court, Central District of California, Riverside Division, located at 3420 Twelfth St., Riverside, CA 92501, the Defendants hereby in this Adversary case will move the Court for summary judgment, pursuant to Federal Rules of Civil Procedure Rule 56.

This motion is based on this notice, jurisdiction, venue, definitions, brief history, standard of review herein. This motion also is supported with the statement of uncontroverted facts filed herein, memorandum of law authorities filed herein, the Defendants' declaration filed herein, and the exhibits filed herein.

This motion is made following the conference with Plaintiff's counsel pursuant to the *Local Rule 7-3*. The meeting took place through email on February 14, 2025.

If you wish to oppose this Motion , you must file a written response with the court and serve a copy of it upon the Moving Party at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as waiver of your right to oppose the Motion and may grant the requested judgement.

Case 6:23-ap-01019-RB   Doc 60   Filed 03/06/25   Entered 03/06/25 14:03:28   Desc
Main Document    Page 3 of 11

## JURISDICTION

**1. The Bankruptcy Court Has Core Proceeding Jurisdiction Over State Claim on "Fraudulent Conveyance" Matter.**

A bankruptcy court's jurisdiction is established by statute. Under 28 U.S.C. §1334(b), it gives federal district courts subject matter jurisdiction over "**all** civil proceedings arising under title 11, or arising in or related to cases under Title 11." Under 28 U.S.C. §157(b), it allows district courts to refer any of these proceedings to bankruptcy courts. However, 28 U.S.C. §157(b)(1) limits bankruptcy courts authority to make binding decisions only in *"core proceedings"* that arise under Title 11 or arise in a case under Title 11. A bankruptcy judge may hear a non-core proceeding that is otherwise related to a case under Title 11, but the bankruptcy judge may make only proposed findings of facts and conclusions of law to the district court for reviewing all the non-core matters. (*28 U.S.C. §157(c)(1)*).

**2. "Fraudulent Conveyance" is a Core Proceeding Under 28 U.S.C. §157 (b)(2)(H)**

A civil proceeding "arises in" a Title 11 case when it is not created or determined by bankruptcy code, but where it would have no existence outside of a bankruptcy case. *In re 44 Harris Pine Mills,* 44 F.3d 1431 (9th Cir. 1995).

On March 15, 2022, **Plaintiff** filed his Complaint to *Set Aside Fraudulent Conveyance* with the Riverside County Superior Court of California State Court (Case No. CVRI 2201042). Although the cause of action claimed by **Plaintiff** was under California law (*Uniform Voidable Transactions Act),* it could exist independently of the bankruptcy case, On February 6, 2023, **Plaintiff** filed this Adversary Complaint to this bankruptcy court with case no. 6:23-ap-01019-RB. In the Adversary Complaint, Plaintiff alleged that two causes of action: (1) 11U.S.C. §523(a)(2)(A) -- non-dischargeability of the judgment debt because of "false pretenses, false misrepresentation, and actual fraud". (2) 11 U.S.C. §523(a)(6) – non-dischargeability of judgement debt because of "willful and malicious injury"

The allegations in **Plaintiff's** complaint (**Exhibit #10**) filed at the state court from paragraphs 8 to 15 are exactly identical with the allegations in **Plaintiff's** Adversary Complaint (ap-doc 1) filed with this court from paragraphs 7 to 14.

In the Paragraph 1 of the Adversary Complaint, **Plaintiff** argued that "[t]his court has jurisdiction to hear and render a final judgment in this matter pursuant to 28 U.S.C §1134(b), 28 U.S.C. 157(a)..."

In the Paragraph 1 of the Adversary Complaint, **Plaintiff** also argued that "[t]his matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I)." In 28 U.S.C §157(b)(2)(I), **Plaintiff** claimed that only this subsection of "core proceeding" is fit into the causes of action. In the subsection (I) includes "determinations as to the dischargeability of particular debts." In the subsection (H), it can be found that "proceedings to *determine, avoid, or recover fraudulent conveyance."* as a qualified "core proceeding". Therefore, both *"non-dischargeability"* and *"fraudulent conveyance"* are "core proceedings" as pursuant to 28 U.S.C §157(b)(2).

The claim of *"fraudulent conveyance"* alleged by **Plaintiff** is the ground to build up the non-dischargeability of judgement debt claims. That is, the claims on the non-dischargeability of judgement debt are based on the claim of "fraudulent conveyance". In order to determine the dischargeablity, the argument of "fraudulent conveyance" must be determine first. Therefore, the determination of "fraudulent conveyance" arises in under Title 11, which falls specially into "core proceeding" as defined in 28 U.S.C. §157(b)(2)(H).

In the *Pegasus* case, the court stated that proceedings arising in a bankruptcy are generally referred to as *"core"* proceedings, which are essentially the proceedings that would not exist outside of the bankruptcy case. See *In re Pegasus Gold Corp.,* 394 F.3d at 1193. An action for fraudulent conveyance is a core proceeding, which is wholly within the jurisdiction of the bankruptcy court. See *Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld, LLP,* 201 B.R. 635 (S.D.N.Y. 1996); *Wedtech Corp. v. London,* 81 B.R. 237 (S.D.N.Y. 1987).

3. **The Bankruptcy Court Has the Authority to Decide Claims of the Adversary Proceeding Pursuant to Core Proceedings Under 28 U.S.C. §157 (b)(2)(H) for "Fraudulent Conveyance" And 28 U.S.C. §157 (b)(2)(I) for "Non-dischargeability".**

As stated in 28 U.S.C. §157(b)(3), the bankruptcy judge shall determine whether a proceeding is a core proceeding or non-core proceeding (a proceeding is otherwise related to a case under Title 11). It is also stated that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by [s]tate law."

The Supreme Court has made a decision in *Stern v. Marshall* case:

The bankruptcy judge *always* has jurisdiction to decide core proceedings in a bankruptcy case. If a bankruptcy case involves a non-core proceeding, the bankruptcy judge may resolve the non-core issues only if the parties consent. See *Stern v. Marshall*, 564 U.S. 462 (2011).

Absent consent of the parties, a bankruptcy court may only "hear", but not determine, a proceeding that is not a core proceeding but is otherwise *related to* a bankruptcy case. (*See Civil Resource Manual: 186. Reference of Proceedings to the Bankruptcy Judges, by Department of Justice*)

4. **Therefore, the Bankruptcy Court Could Make Binding Determinations and Final Judgement for Both "Core Proceedings" Under 28 U.S.C. §157 (b)(2)(H) for "Fraudulent Conveyance" And 28 U.S.C. §157 (b)(2)(I) for "Non-dischargeability".**

## VENUE

**1. The Venue of Bankruptcy Petition was Filed Pursuant to 28 U.S.C. §1408(1).**

For the instant pending bankruptcy case, the venue is as set forth in 23 U.S.C. §1408(1). The venue as defined by the bankruptcy case should be filed to the district court where the domicile or residence have been located for the longest period of 180 days before the bankruptcy petition filing.

**2. The Venue of this Adversary Proceeding was Filed Pursuant to 28 U.S.C. §1409(a).**

As in 28 U.S..C §1408, for a case under Title 11 As defined in 28 U.S.C. §1409(a), it set forth that "the venue of proceeding arising under Title 11, or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending."

**3. Therefore, the Venue for the Adversary Proceeding Filed by Plaintiff is proper.**

## DEFINITIONS

**Plaintiff / Judgment Creditor / Ceron / Nonmoving Party:**
Should mean Emilio Ceron, aka Jose Emilio Ceron, aka Emilio Maguia Ceron, and other alias, individually, and/or any of his past/current agents, employees, attorneys, other else acting on his behalf.

**Defendants / Judgment Debtors / Moving Party / Movant:**
Should mean Geogiang Joseph Yue, aka Joseph Yue and Shu-Chen Susan Wu aka Susan Wu, jointly.

**Defendant / Judgment Debtor:**
Should mean Geogiang Joseph Yue, aka Joseph Yue or Shu-Chen Susan Wu aka Susan Wu, severally.

**Defendant(Susan) / Susan:**
Should mean Shu-Chen Susan Wu aka Susan Wu, individually.

**Defendant(Joseph) / Joseph:**
Should mean Geogiang Joseph Yue aka Joseph Yue, individually.

**Corporation / Global:**
The corporation named Global Investment, Inc. which was filed on July 27, 2021, with the California Secretary of State. (**Exhibit #3**)

**Subject Property:**
The real property is located at the address of 7907 Horizon View Dr., Riverside, California. This property is the issue that **Plaintiff** claims to have transferred to **Global**. The quitclaim deed was recorded on August 6, 2021. (**Exhibit 2**) However, this property is not included in the meaning of "asset" defined in *California Civil Code 3439.01(a)(1)*.

**Homestead:**
The **Subject Property** has been resided by **Defendants** as their principal dwelling since the date of October 20, 2020. When the judgment lien was attached on the title of **Subject Property**, **Defendants** were resided at the property at the time. **Defendants** reside at the property continually thereafter to the date. On April 21, 2022, a Declaration of Homestead was recorded for further protection of equity (**Exhibit #6**).

**Rescinded Transfer / Original Transfer / Transfer #1:**
The **Subject Property** was transferred via a quitclaim deed from **Defendant(Susan)**, the grantor, to **Global,** the grantee. The quitclaim deed was executed and recorded with the Riverside County Recorder on August 6, 2021.(**Exhibit #1**) This transfer is what **Plaintiff** misrepresents as *"fraudulent transfer"*. However, this transfer is not a *"fraudulent transfer"* under *UVTA (California Civil Code §3439 et seq.)*.

**Subsequent Transfer / Transfer #2:**
The **Subject Property** was transferred via a quitclaim deed from **Global**, the grantor, to **Defendant(Susan)**, the grantee. The quitclaim deed was executed on April 18, 2022, and recorded on April 19, 2022. **(Exhibit #2).** This transfer is performed through mutual recession between **Susan** and **Global.** This action makes the **Original Transfer** extinguished since the original deed is rescinded (*California Civil Code § 1688 et seq.*).

**Judged Case / Closed Case:**
**Plaintiff** filed a complaint to the California Superior Court of Riverside County for resolving the dispute of earnest money deposit (EMD) on August 12, 2020. (Case No. RIC2003142). The trial was held on October 20, 2021. At the trial, **Defendants** represented themselves. After the trial, the court made the decision because of **<u>BREACH OF CONTRACT</u>** in favor of **Plaintiff (Ceron). (Exhibit #10)**. The EMD fund was held by the court's interplead account and released to **Ceron** by court's order at the amount of $24,455.

**Pending Case / Active Case:**
**Plaintiff** filed a complaint to the California Superior Court of Riverside County for setting aside of "fraudulent transfer" on March 15, 2022. (Case No. CVRI2201042). **(Exhibit #10).** This case is in the process of discovery. On November 20, 2022, **Plaintiff** filed *the Notice of Stay of Proceedings* **(Exhibit #11)** due to an automatic stay of bankruptcy petition. This case is still in active/pending status.

**Judgment / Judgment Debt:**
On November 4, 2021, **Plaintiff** obtained a judgment against **Defendants** by the Superior Court (Case No. RIC2003142). This judgment was amended to add attorney fees and other costs in the amount of $78,987.52. This judgment debt against **Defendants** is what the **Plaintiff** claimed for the exception of dischargeability.(Exhibit A and Exhibit B attached with **Plaintiff's** Adversary Complaint (ap-doc 1)).

**Judgment Lien:**
On January 10, 2022, the abstract of judgment **(Exhibit #5)** was recorded in the Riverside County recorder's office. Then, a judgment lien was created on all properties with interests owned by **Defendants** in Riverside County, California. This lien was specifically attached to the **Subject Property** that **Defendants** had interest in. This judgement lien is a "valid lien" as the definition of *California Civil Code §3439.01(n)*.

**Lis Pendens:**
**Plaintiff's Attorney** recorded a notice of pendency of action (lis pendens) with the recorder's office of Riverside County on March 21, 2022. This notice then was filed to the Superior Court under **Pending Case** (Case No. CVRI2201042). This notice is placed on the **Subject Property** from the recording date until now.**(Exhibit #7)**

## BRIEF HISTORY

Before the close of escrow for the **Defendants'** prior residence, **Defendants** moved into **Subject Property** in October 2020. Since that date, **Defendants** stay in **Subject Property** as their primary residence under the protection of *automatic homestead* from involuntary sale of **Subject Property**. **Subject Property** remains as **Defendants'** primary residence.

On August 6, 2021, the **Subject Property** was transferred through a quitclaim deed from **Defendant(Susan) to Global.**

The judgment regarding dispute of the earnest money deposit (EMD) case ("**Judged Case**" Case No. RIC 2003142) was obtained on November 4, 2021, by **Plaintiff** against **Defendants**. The abstract of judgment was recorded on January 10, 2022. This action created a lien attached to the title of **Subject Property**. This lien is a *"valid lien"* under *California Civil Code*.

On March 15, 2022, **Plaintiff** filed a Complaint to the Riverside Superior Court ("**Pending Case**", Case No. CVRI 2201042) to set aside the "fraudulent conveyance". However, the said "transfer" is excluded from "a property with a valid lien". Simply stated, **Transfer#1 is** not a "fraudulent" or "voidable" transfer under *Uniform Voidable Transactions Act (UVTA) – California Civil Code §3439,01(a)(1)*.

On March 21, 2022, **Plaintiff** recorded a **Lis Pendens** and filed it with the Superior Court in the **Pending Case.**

On April 18, 2022, after preparing the answer to the Complaint of **Pending Case**, **Defendant(Susan)** executed a quitclaim deed on behalf of **Global** and recorded the deed the next day. **Transfer #1** is rescinded (nullified) since the original deed (the deed granted to **Global**) is extinguished.

On November 2, 2022, the **Defendants** filed a bankruptcy petition. The **Subject Property** is an asset in the bankruptcy estate.

On February 6, 2023, **Plaintiff** filed this Adversary Complaint with the bankruptcy court.

## STANDARD OF REVIEW

Summary Judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Federal rule of Civil Procedure 56(a). The moving party bears the initial burden of establishing there is no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat the motion for summary judgment, the responding party must present admissible evidence sufficient to establish any of the elements that are essential to the moving party's adversary case and for which that party will bear the burden of proof at trial. *See id.; Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir, 1989). The Court may grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show the moving party is entitled to summary judgment and if the responding party fails to properly address the moving party's assertion of fact as required by Rule 56(c). *See* Federal Rule of Civil Procedure 56(e).

The responding party cannot point to mere allegations of denials contained in the pleadings. It is not enough for the non-moving party to produce a mere "scintilla" of evidence. (*In re Celotex Corp.* at 252.) Instead, the responding party must set forth, by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual issue for trial. *See KRL v. Moore*, 384 F. 3d 1105, 1110 (9th Cir. 2004).

Date: March 5, 2025

Respectfully submitted,

By:

_____
Shu-Chen Susan Wu

And By:

_____
Geogiang Joseph Yue

Defendants, in Pro Per