SHU-CHEN WU and
GEOGIANG YUE
7907 Horizon View Dr.
Riverside, CA 92506
phone: (626)428-9226
email: susanwu72@gamil.com
email: josephyue430@gmail.com
Defendants, In Pro Per



FILED
MAR - 6 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re SHU-CHEN WU | Case No.: 6:22-bk-14173-RB<br>Adversary Case No.: 6:23-ap-01019-RB<br><br>Chapter 7<br><br>**STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br><u>Hearing</u><br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Magdalena Reyes Bondeaus<br>Courtroom:303<br>Location: 3420 12th St., Riverside, CA 92501 |
| EMILIO CERON,<br><br>**Plaintiff**<br><br>vs.<br><br>SHU-CHEN WU and<br>GEOGIANG YUE<br><br>**Defendants** | |

As pursuant to *Local Rule of Federal Civil Procedure 56-1*, **Defendants, the Moving Party,** submit the following **Statement of Uncontroverted Facts** in Support of Motion for Summary Judgment against the Claims of **Plaintiff's** Adversary Complaint.

Statement of Uncontroverted Facts in Support of Motion for Summary Judgment - 1

## I. ISSUE ONE

**Plaintiff's Claim of Fraudulent Transfer Under UVTA (California Civil Code §3439 et seq.) Was False Because the Transferred Property with a Valid Lien on It Which is Excluded Under UVTA (California Civil Code §3439 et seq.).**

1. On August 6, 2021, **Subject Property** was transferred the legal title to **Global** for exchanging of the stock shares of the **Corporation.** This transfer was executed with a quitclaim deed to grant **Defendants'** partial interest to **Global** to hold the legal title of the **Subject Property.**
   **Source:** Quitclaim Deed granted to **Global (Exhibit #1).**

2. The Abstract of Judgement recorded by **Plaintiff** on January 10, 2022, with the county recorder constitutes a judgement lien attached to the **Subject Property.** This is a *"valid lien"* within the definition of *California Civil Code §3439.01(n).*
   **Source:** Abstract of Judgement **(Exhibit #5).**

3. On March 15, 2022, **Plaintiff** filed a complaint against **Defendants** on the matter of setting aside of "fraudulent c" at the Riverside County Superior Court.
   **Source: Plaintiff's** Complaint for "Fraudulent Conveyancer" **(Exhibit #10).**

4. On February 6, 2023, **Plaintiff** filed the Adversary Proceeding Complaint against **Defendants** for non-dischargeability of the judgement debt. The claims on non-dischargeability are based on the "fraudulent conveyance" claimed by **Plaintiff.**
   **Source: Plaintiff's** Adversary Complaint. (ap-doc 1).

## II. ISSUE TWO

**Plaintiff's Failed to Claim the Cause of Action on His Alleged *"Fraudulent Transfer"* in Violation of California Civil Code §3439 et seq. Because the Transfer Was Cancelled under California Civil Code §1688 et seq. The Transfer Was Revoked(Nullified) by Mutual Rescission of the Deed.**

1. On August 6, 2021, **Subject Property's** legal title was transferred to **Global** in exchange for stock shares of the **Corporation.** This transfer was executed with a quitclaim deed to grant **Defendant's(Susan)** partial interest to **Global** to hold the legal title of the **Subject Property.**
**Source: Plaintiff's** Adversary Complaint: (ap-doc 1) at 3:20-22; Quitclaim Deed Granted to **Global (Exhibit #1); Plaintiff's** Request for Judicial Notice (ap-doc 9).

2. On April 18, 2022, **Defendant(Susan)** executed and notarized a quitclaim deed on behalf of **Global.** This deed was recorded with the Riverside County Recorder on the next day (April 19, 2022). As pursuant to *California Civil Code §1689,* the original deed is rescinded by voluntarily mutual agreement between **Global** and **Defendant(Susan).**
**Source:** Quitclaim Deed Granted to **Susan (Exhibit #2).**

3. In all the documents filed by **Plaintiff** to the Court, no facts support his allegations on the *"fraudulent transfer"*.
**Source: Plaintiff's** Adversary Complaint (ap-doc. 1); **Plaintiff's** Objection to Chapter 13 Plan (bk-doc. 26).

## III. ISSUE THREE

**Plaintiff Failed to Provide Any Evidential Facts to Support His Claim on the Non-Dischargeability of the Judgement Debt Against Defendants under 11 U.S.C. §523(a)(2)(A) for Financial Fraud.**

1. This claim of cause of action is merely based on the misrepresentation of the original transfer to be *"fraudulent"* or *"intended to fraud"*.
   **Source: Plaintiff's** Adversary Complaint (ap-doc. 1) at 2:2; at 4-5:15-20.

2. On April 18, 2022, **Defendant(Susan)** executed and notarized a quitclaim deed on behalf of **Global.** This deed was recorded with the Riverside County Recorder on the next day (April 19, 2022). As pursuant to *California Civil Code §1689,* the original deed is rescinded by voluntarily mutual agreement between **Global** and **Defendant(Susan).**
   **Source:** Quitclaim Deed Granted to **Susan (Exhibit #2).**

3. **Plaintiff's** arguments on the non-dischargeability of judgement cannot constitute a convincing set of facts. Neither does **Plaintiff** provide any preponderance of evidence to establish the necessary elements required by 11 USC §523(a)(2)(A):
   *(1)* The debtor made a representation.
   *(2)* The debtor knew at the time the representation was false.
   *(3)* The debtor made the representation with the intention and purpose of deceiving the creditor.
   *(4)* The creditor relied on the representation. And
   *(5)* The creditor sustained damage as the proximate result of the representation.
   **Source: Plaintiff's** Adversary Complaint (ap-doc. 1) at 2:2; at 4-5:15-20.

### IV. ISSUE FOUR

**Plaintiff Failed to Provide Any Evidential Facts to Support His Claim on the Non-Dischargeability of the Judgement Debt Against Defendants under 11 U.S.C. §523(a)(6) for Willful and Malicious Injury.**

1. This claim of cause of action is merely based on the misrepresentation of the original transfer to be *"fraudulent"* or *"intended to fraud"*. The transfer was revoked via mutual rescission between **Global** and **Defendant(Susan).** The subsequent deed cancelled the original deed.
   **Source: Plaintiff's** Adversary Complaint (ap-doc. 1) at 2:2; at 4-5:15-20.

2. To meet the *"willful"* requirement, **Plaintiff** must show either that **Defendants** had a subjective motive to inflict the *injury* or **Defendants** believed that *injury* was substantially certain to occur as result of **Defendant's** conduct. None of the facts provided by **Plaintiff** show satisfactory fulfillment of the *"willful"* requirement.
   **Source: Plaintiff's** Adversary Complaint (ap-doc. 1) at 2:2; at 4-5:15-20.

3. In the Statement of Decision (case no. RIC 2003142), it is clearly stated that "1. **BREACH OF CONTRACT:** **Plaintiff's** [c]omplaint at trial alleged a cause of action for *breach of contract."* This document was drafted by **Plaintiff's Attorney,** Mitchell Hannah, on October 25, 2021, signed by the judge, Carol Greene, on November 4, 2021, and filed to the Superior Court on November 12, 2021. Note that there were no other causes of action as stated in the document.
   **Source:** Statement of Decision **(EXHIBIT #9)** at 2:7-21.

4. To establish the *"malicious"* requirement, **Plaintiff** must show following act caused by **Defendants:**

      i. a wrongful act,

      ii. done intentionally,

      iii. which necessarily causes injury, and

      iv. is done without just cause or excuse.

Lack of evidential facts to support **Plaintiff's** arguments and to satisfy the above requirements have been provided.

**Source:** **Plaintiff's** Adversary Complaint (ap-doc. 1) at 2:2; at 4-5:15-20.

## V. ISSUE FIVE

**Plaintiff Attempted to Mislead That the Judgment Debt had Resulted from a Fraudulent Act. The Fact is the Judgment had come from Breach of Contract Act that Makes the Judgment Debt Dischargeable in This Case.**

1. The **Judgment Debt** had resulted from the dispute of earnest money deposit ("EMD"). **Plaintiff** claimed per the loan contingency clause in the contract to purchase **Defendants'** property improperly because:

    a) **Plaintiff** had not provided any adversary notice or rejection letter from a qualified lender (not a loan broker) as required by Federal laws - ECOA Reg Z, and FCRA.

    b) **Plaintiff** had not given any valid notice to cancellation of the contract as pursuant to *California Civil Code*.

    **Source:** **Defendants'** Declaration ¶16; Statement of Decision (**EXHIBIT #9**) at 2:8-21.

2. **Plaintiff** alleged that the **Judgement Debt** "in fact …lays out a fraudulent scheme and attempted theft of …**Ceron's** ,,, deposit." Again, **Plaintiff** does not provide any facts to support his allegation.

    **Source:** Opposition to Motion to Dismiss (ap-doc 8) at 2:2-4.

3. **Plaintiff** argued that "[he] properly and timely cancelled escrow and sought return of his ... deposit." In fact, **Plaintiff** had not presented any valid document to notify **Defendants** for cancellation of purchase contract. No facts can prove his allegation on the statement.
**Source:** Opposition to Motion to Dismiss (ap-doc 8) at 2-8-10.

4. In the Statement of Decision (case no. RIC 2003142), it is clearly stated that "1.**BREACH OF CONTRACT: Plaintiff's** [c]omplaint at trial alleged a cause of action for *breach of contract.*" This document was drafted by **Plaintiff's Attorney,** Mitchell Hannah, on October 25, 2021, signed by the judge, Carol Greene, on November 4, 2021, and filed to the Superior Court on November 12, 2021. Note that there were no other causes of action as stated in the document.
**Source:** Statement of Decision **(EXHIBIT #9)** at 2:7-21.

## VI. ISSUE SIX:
**Plaintiff Failed to Provide Facts for His Claim of "No Consideration" Associated with the Original Transfer of the Subject Property.**

1. **Plaintiff** found that the quitclaim deed for the **Original Transfer** had shown the *"Documentary Transfer Tax"* declared by grantor, **Defendant(Susan)**, as $0.00. Then, **Plaintiff** attempted to mislead the court to believe that zero dollar documentary transfer tax declared by **Defendant(Susan)** is no consideration associated with the **Original Transfer.**
**Source: Plaintiff's** Adversary Complaint (ap-doc. 1) at 3:20-22; **Plaintiff's** Adversary Complaint (ap-doc. 1) at 4:3-5; **Plaintiff's** Adversary Complaint (ap-doc. 1) at 5:11-13.

2. Under *the California Revenue and Tax Code,* a transfer where individuals and a legal entity are comprised of the same parties and hold the same proportionate interest is exempt from *Documentary Transfer Tax.* For the **Original Transfer, Defendant(Susan)** has the same

proportionate interest as the **Subject Property** owner and as the sole shareholder of **Global**. Then, **Original Transfer** was qualified for the exemption of documentary transfer tax collected by the county.

**Source:** Quitclaim Deed granted to **Global** (**Exhibit #1**).

3. The **Subject Property** is invested into **Global** in exchange with the stock shares of **Global**. Simply stated, the market value of Subject **Property** equals the sum value of stock shares of **Global**. The stock shares of **Global** are personal property (not real property) held by **Defendant(Susan)**.

**Source: Defendants'** Declaration ¶17.

4. The subsequent deed also is qualified for the exemption of the documentary transfer tax to restore to the original status on the title of **Subject Property**.

**Source:** Quitclaim Deed granted to **Susan** (**Exhibit #2**).

5. None of the allegations made by **Plaintiff** and his Attorney are based on any persuasive facts to support their claims of "*no consideration*" cause of action.

**Source: Plaintiff's** Adversary Complaint (ap-doc. 1) at 3:20-22; **Plaintiff's** Adversary Complaint (ap-doc. 1) at 4:3-5; **Plaintiff's** Adversary Complaint (ap-doc. 1) at 5:11-13.

**VII.   ISSUE SEVEN**

**Plaintiff Failed to Claim Any Facts to Support His Allegations on Actual Fraud, the Intent to Defraud Him or to Avoid the Judgment Debt or to Cause Him Injury or Damage.**

1. The original transfer was rescinded by the quitclaim deed by mutual agreement between **Global** and **Defendant(Susan)** voluntarily back to original title status of **Subject Property**. This reveals that **Defendants** as the judgment debtor do not have intent or motive to avoid **Plaintiff's** claim on the judgment debt.

**Source:** Quitclaim Deed granted to **Susan (Exhibit #2).**

2. **Defendants** regularly buy, fix and resell houses for profit via a corporation. This is what constitutes **Defendants** ordinary and regular course of trade and business. As *property dealers*, **Defendants** can take the tax advantage for a fixup business. Since the gains from dealer property category are considered as *ordinary (short-term capital)*, it allows the dealer property owner to deduct any losses from gain as an ordinary loss.
   **Source: Defendants'** Declaration ¶18.

3. Absent evidentiary facts of such an *"intent or motive"* presented, **Plaintiff** failed to claim on *"actual fraud"* challenges.
   **Source: Plaintiff's** Adversary Complaint (ap-doc 1).

## VIII. ISSUE EIGHT:
**Plaintiff Falsely Claimed that the Corporation Was Unfunded or Underfunded Because Plaintiff Misrepresented the Corporation Capitalization as Pursuant to Federal IRC Code and California Corporation Code.**

1. **Plaintiff** claimed that **Global** was incorporated "unfunded" or "underfunded".
   **Source: Plaintiff's** Adversary Complaint at 6:14; **Plaintiff's** Objection (bk-doc 26) at 2:24.

2. Capital refers to durable goods or assets (real properties, machinery, equipment, money). Those are used as productive inputs for further production of goods and services. For a corporation, capital can be raised by issuing either debt (as a loan or via bonds) or equity (stock).
   **Source:** *investopedia.com; www.irs.gov;* **Defendants'** Declaration ¶19.

3. In forming **Global, Defendant(Susan)** created *corporate bylaw* and filed an *article of corporation* to the California Secretary of State. Then, she invested **Subject Property** to exchange for stock shares of **Global.** The shares of **Global** stock held by **Defendant(Susan)** was personal property in the estate.

Source: Article of Incorporation (**Exhibit #3**); Statement of Information (**Exhibit #4**); **Defendants'** Declaration ¶19.

## IX. ISSUE NINE:

**Plaintiff Claimed that the Appraised Value Was Below Market Value and Plaintiff Has not Submitted any Valid Appraisal Report on the Subject Property.**

1. **Plaintiff** argued that the appraisal value of $1,300,000 submitted by **Defendants** to the court as we filed the bankruptcy petition was below market value. **Plaintiff** challenged that the market value on the **Subject Property** was neither true nor correct. The value given by **Plaintiff** was $1,600,000 to $1,800,000.
Source: **Plaintiff's** Object to Chapter 13 Plan (bk -doc 26) at 4:13-15.

2. As in the *Opposition to Motion to Avoid Lien*, **Plaintiff's Attorney,** Fritz Firman, challenged that the appraisal submitted at the petition was not "truly comparable". **Plaintiff** believed that the value of **Subject Property** should be at $1,700,000 to $1,850,000. "[A] value much higher than the $1,300,000 value submitted by **Debtors,**" as pointed by the Court. At the same time, **Plaintiff** requested access to **Subject Property** for a full appraisal.
Source: **Plaintiff's** Opposition to Motion to Avoid Lien (bk-doc 25) at 4:7-17.

3. As in the Tentative Ruling re Motion to Avoid Lien, the court stated that "[a]t the hearing held on February 22, 2023, the Court granted **Ceron's** request to access the **Subject Property** to conduct a full appraisal of the **Subject Property**." Accordingly, on March

23, 2023, **Plaintiff** made an appointment with **Defendant(Susan)** for appraisal. However, the appraiser never showed up for the appointment.

**Source:** Notice of Tentative Ruling re Motion to Avoid Lien (bk-doc 61) at 6:24-25.

4. The court also stated that "[t]o date (June 14, 2023), **Ceron** has not submitted an appraisal report to the Court as to the value of the **Subject Property.**"

**Source:** Notice of Tentative Ruling re Motion to Avoid Lien (bk-doc 61) at 6:25-26.

5. Accordingly, neither **Plaintiff** nor **Plaintiff's Attorney** have ever submitted any appraisal report from a qualified, licensed appraiser to support **Plaintiff's** challenges on the fair market value on **Subject Property.**

**Source: Defendants'** Declaration ¶20.

## X. ISSUE TEN:
## Plaintiff Failed to Demonstrate that Defendants Intended to Obstruct, Prevent, and Delay Plaintiff from Collection of the Judgment Debt. On the Contrary, Plaintiff Attached Judgement Lien to the Subject Property Without Any Delay.

1. In **Plaintiff's** Adversary Complaint, **Plaintiff** alleged that **Defendants** transferred **Subject Property**, which **Defendants** held homestead as their primary residence and held equitable interest in the **Subject Property**, to **Global** *with intent to obstruct, delay, and prevent* **Plaintiff** from collecting judgment debt.

**Source: Plaintiff's** Adversary Complaint (ap-doc 1) at 4:16-18; Adversary Complaint (ap-doc 1) at 4:19-21.

2. On January 10, 2022, **Plaintiff** recorded the abstract of judgement with the Riverside County Recorder. Once the abstract of judgement was recorded, then a judgement lien is created on all the real properties which **Defendants** had interests *(legal or equitable)* in

the Riverside County under California Law, Therefore, the judgement lien was attached on the **Subject Property. Plaintiff** can take an action, such as foreclosure, on the **Subject Property** to enforce the money judgment debt against **Defendants.**

**Source: Plaintiff's** Recorded Abstract of Judgement (**Exhibit #5**).

3. On March 23, 2023, **Defendants** open the door of **Subject Property** for the appraiser employed by **Plaintiff** performing formal appraisal report without any indication of intent to *"obstruct, delay, prevent"*. However, the appraiser did not appear at all without any verbal or written notification providing explanation.

**Source: Defendants'** Declaration ¶**21**.

4. In the *Notice of Possible Dividend and Order Fixing Time to File Claims*, the bankruptcy trustee notified all creditors, including **Plaintiff,** that "[s]ufficient assets may become available for a distribution to creditors…in accordance with the provision of Bankruptcy Rule 2002©(5), creditors must file their proof of claim *on or before December 18, 2023."* No creditors, including **Plaintiff,** filed any proof of claim on or before the deadline.

**Source:** Notice of Possible Dividend and Order Fixing Time to File Claims (bk-doc 72-1, entered 09/13/23),

5. **Defendants** never have any actual or intentional acts to prevent or to obstruct **Plaintiff** from collecting his judgement debt or to place a lien on **Subject Property.**

**Source: Defendants'** Declaration: ¶**22**.

## XI. ISSUE ELEVEN:
**Plaintiff Failed to Demonstrate the Defendants' Intent to Hide, Conceal, and Keep Reach from Collection of the Judgment Debt Because of No Facts Supporting His Allegations.**

1. In the **Plaintiff's** Adversary Complaint, **Plaintiff** alleged that **Defendants** transferred **Subject Property** to **Global** *with intent to hide, conceal, and keep reach out of* **Plaintiff** to collect his judgment debt.
   **Source: Plaintiff's** Adversary Complaint (ap-doc 1) at 4:16-18; Adversary Complaint (ap-doc 1) at 4:19-21.

2. In the **Plaintiff's** Adversary Complaint, **Plaintiff** claimed that "[**Plaintiff**] could not execute on the [**Subject Property**]..." In fact, after obtaining the judgement, **Plaintiff** recorded the abstract of judgement with the Riverside County Recorder on January 10, 2022. According to California Law, the judgement lien was created on all real properties which **Defendants** had interests (legal or equitable) in Riverside County, Therefore, the judgement lien was attached on the title of **Subject Property**. Then, **Plaintiff** has his own right to exercise foreclosure of **Subject Property.**
   **Source: Plaintiff's** Adversary Complaint (ap-doc 1) at 4:22-24. Abstract of Judgement **(Exhibit #5).**

3. Under California real estate law, when deeds, or other similar documents, recorded with the county recorder become information available for public access, this is known as "constructive notice", The quitclaim deed recorded on August 6, 2021, is a "constructive notice" for **Plaintiff's** knowledge of the transaction.
   **Source:** Quitclaim Deed granted **Global (Exhibit #1).**

4. The **Lis Pendens** recorded by **Plaintiff's Attorney,** Hallie D. Hannah, on March 21, 2022, is a "constructive notice" for notifying the public and **Defendants** of the pending litigation.
   **Source: Lis Pendens (Exhibit #7).**

5. The Abstract of Judgement recorded by **Plaintiff** on January 10, 2022, with the county recorder is a "constructive notice" to notify the public and **Defendants** of the judgement attached to the title on the **Subject Property.**
**Source: Plaintiff's** Abstract of Judgement **(Exhibit #5).**

6. Under California Corporate Law, **Plaintiff** had deemed "constructive notice" of the documents filed to the California Secretary of State. In these documents are included *Article of Incorporation* filed July 27, 2021, and *Statement of Information* filed on July 29, 2021. These documents were available for public access and for **Plaintiff's** knowledge regarding **Global.**
**Source:** Article of Incorporation **(Exhibit #3)** and Statement of Information **(Exhibit #4).**

7. Lack of any evidentiary facts supporting **Plaintiff's** allegations have ever been provided.
**Source: Plaintiff's** Adversary Complaint (ap-doc 1).

## XII.   ISSUE TWELVE:
**Plaintiff Falsely Claimed that Defendants' Homestead Declaration was Fraudulent Without Providing Any Evidential Facts.**

1. In **Plaintiff's** *Objection to Confirmation of Plan,* **Plaintiff** argued that "[Defendants] recorded a declaration of homestead, because the corporation to which the house [**Subject Property**] was transferred could not claim a homestead."
**Source: Plaintiff's** *Objection to Confirmation of Plan (*bk-doc 26,) at 4:17-18.

2. The recordation of homestead is not a required procedure under California Law. In October 2020, **Defendants** moved into the **Subject Property** and stayed at the **Subject Property** as their principal dwelling.
**Source: Defendant'** Declaration ¶22.

3. **Defendants** resided at the **Subject Property** on the date **Plaintiff** placed the **Judgement Lien** on January 10, 2022, on the **Subject Property**.
   **Source: Defendants'** Declaration ¶22.

4. **Defendants** held beneficial and equitable interest on the title of the **Subject Property** after **Defendants** moved into the **Subject Property** and stayed at the **Subject Property** as principal residence continuously. **Defendants** paid the mortgage, tax, and insurance on the **Subject Property**.
   **Source: Defendants'** Declaration ¶22

5. Under California Law, the recordation of homestead is not a required element to be a homestead. If the elements in the law are satisfied, then the provision of homestead is protected on the **Subject Property** automatically.
   **Source: Defendant's** Declaration ¶22.

6. On April 19, 2022, the Quitclaim Deed was recorded with the Riverside County Recorder. This deed grants the legal title of the **Subject Property** from **Global** to **Defendant(Susan)**. At this time, **Defendant(Susan)** held both legal and equitable interest on the title of **Subject Property**.
   **Source:** Quitclaim Deed granted to **Susan (Exhibit #2).**

7. On April 21, 2022, the *Homestead Declaration* was recorded with the Riverside County Recorder.
   **Source:** *Homestead Declaration* **(Exhibit #6).**

## XIII. ISSUE THIRTEEN:

**Lis Pendens (Notice of Pendency of Action) Recorded from the Pending Case Should be Expunged.**

1. **Plaintiff** claimed that "[o]n March 21, 2022, Mr. Ceron recorded a [lis] Pendens in office of the county recorder for the county of Riverside."
   **Source: Lis Pendens (Exhibit #7); Plaintiff's** Objection to Motion to Avoid Lien (bk-doc 25) at 3:1-2.

2. The recorded notice (**Lis Pendens**) places a cloud on the **Subject Property. This** restricted **Defendants** from selling **Subject Property** in the good housing market period, from March to October, 2022.
   **Source: Defendants'** Declaration ¶23

## XIV. ISSUE FOURTEEN:

**Damage and/or Injury Claimed by Plaintiff are False Because of Lack of Evidentiary Facts to Support his False Statements.**

1. In **Plaintiff's** Adversary Complaint, **Plaintiff** asserted that "he had to retain and pay attorneys licensed to practice law … to bring a fraudulent conveyance action.".
   **Source: Plaintiff's** Adversary Complaint (ap-doc 1) at 4:24-26.

2. **Plaintiff** has not provided any evidentiary facts to prove his allegations of actual (or compensatory) damage and/or injury caused by "fraudulent" intent or "willful and malicious" intent.
   **Source: Plaintiff's** *Adversary Complaint* (ap-doc 1) at 4:22-23; *Adversary Complaint* at 5:3-5; *Adversary Complaint* at 5;22-24; *Adversary Complaint* at 6:1-3.

3. **Plaintiff** stated in the conclusion of *Adversary Complaint* that claims made were " [f]or damages according to proof". However, **Plaintiff** does not present any facts as "proof" of the damage incurred.
   **Source: Plaintiff's** *Adversary Complaint (*ap-doc 1) at 6:10.

4. **Plaintiff** also claimed that he prayed "[f]or costs and attorney incurred in bringing this action". Based on Rule 54(d) of Federal Rules of Civil Procedure, under which the court may award "costs" to the prevailing party. According to "American Rule", attorney fees are not awarded to either party, win or lose, unless a statute or a contract provides otherwise.
   **Source: Plaintiff's** *Adversary Complaint* (ap-doc 1) at 6:11.

Date: March 5, 2025

Respectfully submitted,

By:


_____
Shu-Chen Susan Wu

And By:


_____
Geogiang Joseph Yue

Defendants, in Pro Per